UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VON YONG,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 3:20-CV-5493-DWC

ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES

    Pending before the Court is Plaintiff's Motion for Attorney's Fees and Expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 31. Defendant objects to the Motion, contending the number of hours expended in this case was excessive and therefore the requested fee award should be reduced. Dkt. 33.

## STANDARD

    In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United

States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37. However, "a district court can impose a reduction of up to 10 percent—a "haircut"—based purely on the exercise of its discretion and without more specific explanation." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir.2012)(*citing Moreno v. City of Sacramento*, F.3d 1106, 1111 (9th Cir. 2008)).

## DISCUSSION

Plaintiff was the prevailing party insofar as the Court reversed the Commissioner's denial of benefits and remanded his case for further proceedings. Dkt. 28. According to Plaintiff, the Commissioner's original denial of benefits and defense of that position before this Court was not substantially justified, and the fees incurred were reasonable. Dkt. 33. The Commissioner does not argue substantial justification, but insists Plaintiff's hours were excessive and should be reduced by ten percent ($686.62), for an award of attorney fees in the amount of $6,179.62, plus $6.79 in expenses for postage. Dkt. 33 at 2. Accordingly, this Court must determine whether Plaintiff spent a reasonable amount of time on this case.

"When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible. As *Hensley* described it, the explanation must be 'concise but clear.'" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (emphasis in original, citations omitted). "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which encompasses the lodestar method.[1] *Hensley*, 461 U.S. at 433, 435.

Plaintiff seeks payment of $6866.24 for 30.1 attorney hours and 2.8 paralegal hours, as well as $6.79 in postage expenses. Dkt. 31-2 at 2. Of this time, 23.8 hours were spent on the Opening Brief, which consisted of arguments regarding the ALJ's evaluation of the medical opinion evidence, Plaintiff's testimony, lay witness statements, and Plaintiff's residual functional capacity. Dkt. 31-2 at 1-2; *see generally*, Dkt. 25. The remaining hours were spent reviewing the file and the responsive brief, preparing a reply brief, and reviewing Court orders. *Id*. The Commissioner urges the Court to find this case virtually identical to *Wareham v. Comm'r of Soc. Sec.*, No. 3:20-CV-05371-DWC (W.D. Wash. Aug. 27, 2021) where the Court recently determined that the same attorney sought unreasonable fees in a run-of-the-mill social security case that included arguments typical in most Social Security cases, such as that the Administrative Law Judge (ALJ) improperly evaluated the medical opinion evidence, improperly

---

[1] Relevant factors which may be considered are identified in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), as: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19 (citations omitted); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors).

assessed Plaintiff's testimony and the lay witness testimony, and improperly assessed Plaintiff's residual functional capacity. Dkt. 33 at 3-4.

Indeed, in *Wareham* this Court referred to its findings in *Wilkinson v. Comm'r of Soc. Sec.*, No. 3:19-CV-6143-DWC, slip op. at 6 (W.D. Wash. Feb. 11. 2021) to find that the amount of time counsel spent drafting the Opening Brief was far greater than the amount typically incurred compared to other cases in this district. *Id*. at 7-8 (citing *Scott v. Berryhill*, Case No. 3:18-cv-5409 (W.D. Wash Oct. 26, 2018) (942 page record and 10.4 hours to research and draft opening brief); *Hamilton v. Berryhill*, 3:17-cv-5493-RAJ (W.D. Wash. June 13, 2018) (3,982 page record, with 21.2 hours to review record and draft opening brief); *Wood v. Berryhill*, 3:17-cv-5430-RJB (W.D. Wash. Nov. 17, 2017) (record of 1600 pages, and 15.8 hours reviewing record and drafting opening brief); *Dunbar v. Comm'r of Soc. Sec. Admin.*, 3:16-cv-5918, 2018 WL 1994063, at *2 (W.D. Wash. Apr. 27, 2018) (878 page record, with 28.1 hours drafting opening brief); *Fisher v. Colvin*, Case No. 2:15-CV-716-DWC (W.D. Wash. Sep. 30, 2015) (1,434 page record and 7 hours to review and draft opening brief); *Givens v. Colvin*, Case No. 3:15-CV-5199-DWC (W.D. Wash. Oct. 6, 2015) (record of 920 pages, 26.9 hours to prepare an opening brief); *Spencer v. Colvin*, Case No. 2:15-CV-20-JRC (W.D. Wash. July 21, 2015) (transcript of 983 pages, with fee petition requesting 15.7 hours for file review and drafting opening brief)). All told, the mean time expended on the Opening Brief in these cases was 17.9 hours, and the mean record length was 1534 pages. *Wilkinson v. Comm'r of Soc. Sec., No*. 3:19-CV-6143-DWC, slip op. at 8 (W.D. Wash. Feb. 11. 2021); Dkt. 29 at 4.

Just as he did in *Wareham*, counsel again replies that "disability appeals are fact specific" and although recent past cases he has prosecuted before this tribunal have presented nearly

ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES
- 4

identical claims, those cases "do not necessarily have relevance to the EAJA motion in this case." Dkt. 34 at 2.

While the Court finds comparison to other cases informative in assessing the reasonableness of fee requests, the Court focuses on the facts and specifics of the case at hand. This case was remanded because Plaintiff submitted relevant new evidence to the Appeals Counsel after his hearing before the ALJ, which is almost always cause for remand. *See* Dkt. 28 at 3-5. There was nothing novel about the other issues presented by counsel—in fact, they were almost identical to the arguments made in *Wareham* and *Wilkinson*. Finally, counsel is a seasoned attorney who has specialized in Social Security appeals for the past twenty-eight years.[2] Given the below-average record size (540 pages) of this case, and straight-forward nature of the issues, and the fact counsel repeatedly presents the same arguments in other cases and therefore would not reasonably require much time researching the relevant law, he should have been able to write an Opening brief in far fewer than 23.8 hours. *See* Dkt. 21.

In sum, the Court concludes that Plaintiff's attorney spent an unreasonable amount of time on this case, and a 10 percent reduction in total fees is appropriate. Thus, the Court awards Plaintiff's attorney fees in the amount of $6,179.62, and $6.79 in expenses.

## CONCLUSION

The Court hereby grants Plaintiff's Motion (Dkt. 31), in part, and awards Plaintiff's attorney in the amount of $6,179.62, and $6.79 in expenses.

The Commissioner shall contact the Department of Treasury to determine if the EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office of

---

[2] Law Office of Eitan Kassel Yanich, PLLC, https://olympiadisabilitylawyers.com/about/ (last visited Sep. 16, 2021).

General Counsel that Plaintiff does not owe a debt, the government shall honor Plaintiff's assignment of EAJA Award and pay the EAJA Award directly to Eitan Kassel Yanich, Plaintiff's counsel. If there is an offset, any remainder shall be made payable to Plaintiff, based on the Department of the Treasury's Offset Program and standard practices, and the check shall be mailed to Plaintiff's attorney Eitan Kassel Yanich at his address: Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA. 98501.

Dated this 17th day of September, 2021.

*David W. Christel*
United States Magistrate Judge

ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES
- 6